Argued April 4; decided April 29, 1895.

## CAREY v. FARMERS' INSURANCE COMPANY.

[40 Pac. 91.]

INSURANCE—TIME FOR PRESENTING PROOFS OF LOSS—QUESTION FOR JURY.—
The word "immediately," in that part of an insurance policy that provides for giving notice of loss, means that the proof shall be made within a reasonable time, in view of the attending circumstances; and whether that has been done is a question of fact for the jury.

APPEAL from Linn: GEO. H. BURNETT, Judge.

This is an action by David Carey against the Farmers' and Merchants' Insurance Company to recover two thousand six hundred dollars, the amount alleged to be due on an insurance policy, on account of loss by fire. The plaintiff alleges the incorporation of the defendant company,

and its engagement in the general insurance business; his ownership of a dwelling-house, barn, wood shed, smoke-house, and certain household furniture, which, on July fifth, eighteen hundred and ninety-three, the defendant, in consideration of the payment of the premium, insured against loss by fire in the sum of two thousand six hundred dollars for the term of three years, and executed to him a policy therefor, a copy of which is set out in the complaint, containing *inter alia* the following provision: "In case of loss the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss, under oath, stating the time, origin, and circumstances of the fire; the occupancy of the building insured, or containing the property insured; other insurance, if any; and copies of the written portion of all policies; the whole cash value and ownership of the property; and the amount of loss or damage." It is then alleged that on October fourteenth, eighteen hundred and ninety-three said property was without plaintiff's fault or negligence totally destroyed by fire, in consequence of which he had sustained a loss of more than two thousand six hundred dollars; that he gave immediate notice of said loss to the defendant, which, on October twenty-sixth, eighteen hundred and ninety-three, by its secretary, in response thereto, wrote to him as follows: "Yours of the sixteenth instant received by us today. We will take action in the matter in a short time. The distance is so great and the means of traveling so difficult, that it may be some days before getting there"; that on December tenth, no person having appeared to adjust said matter, the plaintiff by telegraph asked if the defendant "would send some one to adjust said loss," and the next day received by wire from said secretary an answer which stated, "Will be down next week"; that no agent of the defendant appeared; that it was intended that none should

adjust said loss; that said letter and message were written and sent with the intention of causing the plaintiff to delay the making or filing of any proof of loss, and that he was misled thereby, in consequence of which he did not file any proof thereof until February twenty-fourth, eighteen hundred and ninety-four; that the defendant accepted and retained the said proofs until two days thereafter, when it returned them, for the alleged reason that they had not been filed within sixty days after the said loss; that the defendant made no other objection thereto, or demanded any other or further proofs; and that by its conduct aforesaid the defendant has waived all right to object to the proofs furnished, and is and should be estopped thereby; that the defendant had not paid any part of said loss, and the plaintiff prayed judgment therefor. A demurrer having been sustained to this complaint, and the plaintiff refusing to further plead, the complaint was dismissed, from which the plaintiff appeals.

REVERSED.

For appellant there was a brief by *Messrs. L. Loughary, A. M. Crawford,* and *Whitney and Newport,* and an oral argument by *Mr. William R. Willis.*

For respondent there was a brief by *Messrs. Weatherford and Wyatt,* and an oral argument by *Mr. James K. Weatherford.*

Opinion by MR. JUSTICE MOORE.

It is contended for defendant that proof of the loss should have been made within sixty days after it occurred, and that fact so alleged in the complaint, and that the want of such allegation entitled it to the judgment rendered; while the plaintiff insists that the policy of insurance did not require the proof to be made within that

time, and that the defendant waived such proof. It will be observed that the terms of the policy are that "In case of loss the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss, under oath, stating the time, origin, and circumstances of the fire." This provision must be construed to mean that the proof of loss should be made within a reasonable time, in view of all the attending circumstances. Such terms in a contract are not to receive a literal construction, and the question whether the proof has been made "immediately" is one of fact for the jury: 2 Wood on Fire Insurance (2d ed.), 952. The term "immediately," as used in the policy, required the exercise of reasonable diligence by the plaintiff, which would be measured by his ability to make the necessary proof within a given time. If he could by the exercise of such diligence have made the proof prior to February twenty-fourth, eighteen hundred and ninety-four, and this fact had been admitted by the pleadings, the court could, as a matter of law, have said that the proof of loss had not been made "immediately": 2 Wood on Fire Insurance, 930; but no such admission appears, and hence the question of reasonable time within which such proof should have been made was one of fact for the jury. The cause was argued in this court by the counsel for the defendant upon the assumption that the policy required the proof to be made within sixty days after the loss, and it was presumably decided by the court below upon that theory, but the alleged copy of the policy set out in the complaint contains no such provision. In view of these considerations, it was error to sustain the demurrer, for which reason the judgment must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.

WOLVERTON, J., having participated in the trial of this cause in the court below, took no part herein.